**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  20-30226 |
| Plaintiff-Appellee, | D.C. No.<br>3:18-cr-00125-TMB-1 |
| v. | |
| JASON DOUGLAS BLACK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted February 10, 2022
Seattle, Washington

Before:  BYBEE, BEA, and CHRISTEN, Circuit Judges.

Jason Black was arrested after he loaded a rifle and threatened to kill his

girlfriend, L.J.  Black pleaded guilty to being a prohibited person in possession of a

firearm and the district court sentenced him to fifty-four months imprisonment.  He

appeals the district court's application of the two-level vulnerable victim

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

enhancement. U.S. Sent'g Guidelines Manual § 3A1.1(b) (U.S. Sent'g Comm'n 2021). We affirm.

1.      Black first argues that the district court abused its discretion in applying the vulnerable victim enhancement because it relied on the fact that L.J. lived in a remote village in Alaska. As the district court acknowledged, we have held that the remoteness of the location where a crime is committed is not alone sufficient to sustain a vulnerable victim enhancement. *United States v. Rising Sun*, 522 F.3d 989, 995 (9th Cir. 2008). However, remoteness is but one of several factors on which the district court relied to find that L.J. was a vulnerable victim. The court also pointed to the fact that the only law enforcement officer in the village was an unarmed, twenty-one-year-old village police officer (VPO), who Black had previously threatened by telling the VPO that he would shoot any law enforcement officer that tried to arrest him. Further, the court pointed to the fact that Black burned L.J.'s shoes earlier in the day to prevent her escape during the hours-long encounter. In light of the constellation of specific circumstances on which the district court relied, we do not find that it abused its discretion in applying the vulnerable victim enhancement to this particular case.

2.      Black also argues that the district court's application of the vulnerable victim enhancement violated his rights to equal protection and due process,

because relying on remoteness would have a disparate impact on Native Alaskans, who make up the majority of the residents in rural Alaska. However, the district court did not rely on the defendant's or victim's status as an Alaska Native, and Black has failed to show that the district court acted with a discriminatory purpose. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).

**AFFIRMED.**